IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Angeline Polite, ) | C/A No. 2:14-cv-04756-DCN-JDA |
| ) | |
| Plaintiff, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| v. ) | |
| ) | |
| Spherion Staffing, LLC; ) | |
| Performance Team Freight Systems, Inc., ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to dismiss filed by Defendant Performance Team Freight Systems, Inc. ("Performance"). [Doc. 6.] Plaintiff brings this case pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Plaintiff filed her Complaint on December 16, 2014, against Performance and Spherion Staffing, LLC ("Spherion"). [Doc. 1.] In her Complaint, Plaintiff alleges sex discrimination, sexual harassment, and retaliation. [*Id.*] Performance filed its motion to dismiss on January 26, 2015. [Doc. 6.] Plaintiff filed a response in opposition on February 11, 2015 [Doc. 12], and Performance filed a reply on February 23, 2015 [Doc. 15]. The motion is ripe for review.

## BACKGROUND[1]

Plaintiff was hired through Spherion and began working for Performance in February 2012. [Doc. 1 ¶ 12.] On or around March 2013, Kenny, the shipping and receiving manager for Gerber and specialty packaging, began subjecting Plaintiff to unwanted inappropriate sexual comments and advances, including winking, lewd and suggestive comments, and constant touching. [*Id.* ¶ 13.] On or around April 2013, Kenny grabbed "Plaintiff's butt and made aggressive grunting noises." [*Id.* ¶ 14.] Plaintiff's supervisor witnessed the sexual harassment and reported it to Don Green ("Green"), a Spherion representative; thereafter, Plaintiff met with Green, Erin, and two other Spherion representatives regarding the sexual harassment. [*Id.* ¶¶ 15–16.] Plaintiff was moved to a different department, however, she was still forced to interact with Kenny. [*Id.* ¶¶ 17–18.]

Kenny retaliated against Plaintiff by creating a hostile work environment; including cursing at Plaintiff for dropping a calculator and yelling at her on the shipping deck. [*Id.* ¶¶ 18–19.] Plaintiff reported these incidents to Green, who told Plaintiff "things will get better," but Kenny continued to berate her and tried to make an example of her in front of other employees. [*Id.* ¶¶ 20–21.] Plaintiff asserted her rights under Title VII. [*Id.* ¶ 22.] Subsequently, Defendants created a hostile work environment by allowing the severe and pervasive harassment to continue. [*Id.* ¶¶ 22–23.] On or about August 20, 2013, Plaintiff was terminated for pretextual reasons. [*Id.* ¶ 25.]

---

[1]The following is a summary of the allegations contained in Plaintiff's Complaint, Docket Entry Number 1.

2

Plaintiff filed a Charge of Discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") . [*Id.* ¶ 2.] On September 17, 2014, Plaintiff received notification of the right to sue from the EEOC. [*Id.*]

## **APPLICABLE LAW**

**Motion to Dismiss Under Rule 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

3

**DISCUSSION**

Performance argues that this Court lacks subject matter jurisdiction because Plaintiff failed to name Performance in the Charge.[2] [Doc. 6-1 at 1–2.] The Court agrees that Plaintiff has not established subject matter jurisdiction over Performance.

"Before a federal court may assume jurisdiction over a claim under Title VII," a plaintiff must exhaust the EEOC administrative process. *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 136–37 (4th Cir. 1995). The administrative process begins when a plaintiff brings a charge with the EEOC. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Under Title VII, a civil action may be brought only "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). "The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)). "Construed strictly, however, this requirement could present a virtually insurmountable barrier for Title VII claimants, many of whom file administrative charges without the assistance of counsel." *Tietgen v. Brown's Westminster Motors, Inc.*, 921 F.Supp. 1495, 1498 (E.D. Va. 1996); *see also Alvarado*, 848 F.2d at 460 ("Title VII does not require procedural exactness from lay complainants: 'EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" (citing *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975))). Thus, "[a] plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if 'the

---

[2]It is undisputed that Performance was not named in Plaintiff's Charge. In Plaintiff's Charge, she lists Quoizel and Spherion as the employers that discriminated against her and alleges facts pertaining to Quoizel and Spherion. [Doc. 6-2.]

4

purposes of the naming requirement were substantially met,' i.e. if (1) all defendants received fair notice, and (2) the EEOC was able to attempt conciliation with the responsible parties." *Davis v. BBR Mgmt., LLC*, Civil Action No. DKC 10-0552, 2011 WL 337342, at *5 (D. Md. Jan. 31, 2011) (quoting *Vanguard Justice Soc. Inc. v. Hughes*, 471 F.Supp. 670, 687 (D. Md. 1979)).

Here, Plaintiff asserts that although she did not name Performance in her Charge, subject matter jurisdiction is proper because Performance comes under one of the exceptions to the naming requirement. [Doc. 12 at 6.] Specifically, Plaintiff argues that Performance is substantially identical to one of the named parties in her Charge and that Performance is an indispensable party. [*Id.*] The Court will address each of these exceptions in turn.

### *Substantial Identity*

Several district courts in the Fourth Circuit have applied the "identity of interest" or "substantial identity" test to determine whether a defendant had notice of the EEOC charges and participated in the conciliation process. *See, e.g., Mayes v. Moore*, 419 F.Supp. 2d 775, 782–83 (M.D.N.C. 2006); *Jamieson v. Valle Bank*, No. 7:05-cv-00165, 2005 WL 2233545 (W.D. Va. Sept. 13, 2005); *Tietgen*, 921 F.Supp. at 1498–99; *see also Alvarado*, 848 F.2d at 461 (explaining that the "Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception" but noting the Court in *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 n. 5 (4th Cir. 1981), quoted such language "with approval . . . in dictum"). In applying the substantial identity test, courts consider four factors:

5

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2) Whether, under the circumstances, the interest of the named party are so similar to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and
>
> (4) Whether the unnamed party had in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Vanguard*, 471 F.Supp. at 688; *see also Robinson v. S.C. Dep't of Corr.*, C.A. No. 5:10-2593-HMH-KDW, 2012 WL 581042, at *3 (D.S.C. Mar. 13, 2012); *Grant v. I.N.I. Corp.*, Civil Action No. 4:11-cv-RBH-TER, 2012 WL 486881, t *3 (D.S.C. Jan. 26, 2012).

Here, Plaintiff has failed to establish the four factors of the substantial identity test. With respect to the first factor, the evidence demonstrates that Plaintiff could have ascertained the identity of Performance before she filed her Charge. Plaintiff's pay stubs list Performance as the client. [Doc. 12-1.] Indeed, in her response in opposition to the motion to dismiss, Plaintiff concedes that her counsel named Performance as a defendant because Plaintiff's pay stubs show Performance paid Plaintiff through Spherion. [Doc. 12 at 5.] Regarding the second factor, Plaintiff has failed to produce any evidence that Spherion and Performance are so similar that it would have been unnecessary to include Performance in the administrative process. In Plaintiff's Complaint, she discusses Spherion and Performance as separate entities that are organized under the laws of different states with different addresses. [Doc. 1 ¶¶ 5–6.] Plaintiff makes no assertions that Spherion and Performance share management or directors or that they are liable for each other's debts.

*See Tietgen*, 921 F.Supp. at 1499 (finding Plaintiff alleged the requisite substantial identity because his complaint suggested the defendants were under common control).  Regarding the third factor, Performance argues that it would suffer unfair prejudice by remaining a party to this action because it was not given the opportunity to respond to the Charge or participate in the EEOC's resolution and conciliation process.  [Doc. 6-1 at 6.]  Plaintiff has provided no evidence that Performance would not be prejudiced.  With respect to the fourth factor, Plaintiff has failed to allege or provide any evidence that Performance made any representations to her with respect to its relationship with Spherion.  Accordingly, Plaintiff has failed to establish the elements for the substantial identity exception to the naming requirement.

### *Indispensable Party*

Plaintiff also argues that Performance is an indispensable party to the action under Federal Rules of Civil Procedure Rule 19; however, Plaintiff has provided no facts or allegations, beyond a single conclusory sentence, to support this argument.  [Doc. 12 at 6.]  Particularly in light of the fact that it is Plaintiff's burden to demonstrate subject matter jurisdiction, *see Adams*, 697 F.2d at 1219, Plaintiff has failed to establish Performance is an indispensable party.[3]

---

[3] In the alternative, Plaintiff requests leave to amend the pleadings under Federal Rules of Civil Procedure Rule 15.  However, the Court cannot conceive of a way Plaintiff could amend the pleadings to establish subject matter jurisdiction given that she failed to name Performance in the Charge.  Further, while leave to amend a petition is to be freely given "when justice so requires," Fed.R.Civ.P. 15(a)(2), leave need not be given if, among other reasons, the amendment is in bad faith, causes undue prejudice to the other party, or would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, Plaintiff has failed to provide any information regarding how she would amend her pleadings and, in light of the jurisdictional issue raised, the Court finds that any amendment to the pleadings would be futile.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion to dismiss for lack of subject matter jurisdiction be GRANTED.

IT IS SO RECOMMENDED

                                          s/Jacquelyn D. Austin
                                          United States Magistrate Judge

March 11, 2015
Greenville, South Carolina